C. Thompson EVANS, II, Movant,

v.

KENTUCKY BAR
ASSOCIATION, Respondent.

No. 88-SC-1003-KB.

Supreme Court of Kentucky.

Jan. 19, 1989.

## OPINION AND ORDER

STEPHENS, Chief Justice.

This case coming on to be heard on the motion of movant, C. Thompson Evans, II, to be permitted to resign from the Kentucky Bar Association pursuant to SCR 3.480(3); and it appearing to the court that certain charges are presently pending against movant, these charges including ten (10) adversary complaints filed in Bankruptcy Court alleging that:

1. Movant certified property in Lyon and Barren Counties as being free and clear of encumbrances, when in fact the properties were encumbered and that fact was known to the Movant;

2. Movant gave a mortgage on property which was already encumbered and failed to advise the mortgagee of the encumbrance;

3. Movant gave false credit information for a personal loan;

4. Movant gave three (3) cold checks totaling $31,555; and

5. Movant gave a mortgage on property on which he had merely a contract to purchase and not actual ownership.

The Kentucky Bar Association having no objection to said resignation under the terms of disbarment, IT IS HEREBY ORDERED:

1. Movant shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his license to practice law.

2. Movant shall not file an application for reinstatement for a period of five (5) years from the date the court enters an order granting his Motion to Resign. The movant shall not file an application for reinstatement following the five (5) year period unless he presents evidence that he has satisfactorily resolved, with each of his creditors, all issues chronicled hereinabove.

3. Any application for reinstatement filed by movant shall be governed by SCR 3.520, reinstatement in cases of disbarment, or any subsequent amendment to SCR 3.520.

4. All charges issued by the Inquiry Tribunal and all disciplinary proceedings pending against movant shall be terminated with the costs to be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

5. Movant shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Movant shall furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

So much of this proceeding as contained in this order shall constitute public record.

All concur.